UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIDBIA HORNIA,

    Plaintiff,

v.                                        Case No: 6:12-cv-882-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc 24). Plaintiff seeks an award of $7,223.28 in fees, payable to her attorney, Matthew W. Dietz. (Doc. 24, p. 1). The Commissioner has filed a response, conceding that Plaintiff is entitled to fees but disputing the amount requested as well as Plaintiff's request that fees be paid directly to her attorney. (Doc. 25). Upon due consideration, I respectfully recommend that the motion be GRANTED in part and DENIED in part.

### I. Background

Plaintiff brought this case seeking judicial review of an administrative law judge's decision denying her Social Security benefits. (Doc. 1). Before answering Plaintiff's complaint, the Commissioner moved to remand the case for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g) (Doc. 14); and the Court granted the motion. (Doc. 16). On remand, the Commissioner determined that Plaintiff

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

was disabled. (Doc. 20-1, p. 15). The Commissioner moved to affirm the post-remand decision pursuant to Melkonyan v. Sullivan, 501 U.S. 89 (1991) (Doc. 20); and the Court granted the motion and entered judgment. (Doc. 22, 23).

Now, Plaintiff seeks to recover her reasonable attorney's fees pursuant to the EAJA. (Doc. 24). She alleges–and the Commissioner concedes–that she is the prevailing party; her net worth did not exceed $2,000,000 at the time of filing; the Commissioner's position was not substantially justified; and there are no special circumstances that would make an award of fees under the EAJA unjust. (Doc. 24, p. 1; Doc. 25, p. 1).

Plaintiff asks for attorney's fees calculated at the rate of $172.55 per hour and paralegal fees at the rate of $80 per hour. The Commissioner does not dispute the reasonableness of these rates or deny that they are authorized by the EAJA. (Doc. 24-1, p. 2; Doc. 25). The primary issue is the number of hours claimed by Plaintiff's counsel.

Plaintiff requests $1,247.53 based upon 12.04 hours of attorney time before the Court; and $5,155.79 for 29.88 hours worked at the administrative level after remand. (Doc. 24, p. 1; Doc. 24-1, pp. 10-13). The Commissioner objects to the extent Plaintiff seeks compensation for clerical work, duplicative hours, and vague time entries. (Doc. 25, p. 2). In support of this claim, Plaintiff has submitted an affidavit from her attorney, Matthew Dietz (Doc. 24-1, pp. 1-4); a statement of hours worked on this matter (Doc. 24-1, p. 10-13); and an "Affidavit and Waiver of Direct Payment of EAJA Fees" (Doc. 24-2). The affidavit states that Plaintiff "ha[s] retained Karen Southwick, Esq., as my attorney for the above-captioned matter," and that Plaintiff "agree[s] to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney." (Doc. 24-2). Ms. Southwick is not counsel of record and her connection, if any, with this case, is unknown.

The Commissioner insists that payment of fees be made directly to Plaintiff, because she has not assigned fees to Mr. Dietz. (Doc. 25, p. 1).

## II. Discussion

### A. The Hours Claimed are Not Reasonable

Under the EAJA, a prevailing, non-tort plaintiff in a suit against the United States can recover attorney's fees on the filing of a timely petition, if the government's position was not substantially justified, the plaintiff's net worth was less than $2 million when the case was filed, and special circumstances do not make an award of fees unjust. 28 U.S.C. § 2412(d). Counsel is only entitled to compensation for hours reasonably spent on the case. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Prevailing party attorneys must "exercise their own billing judgment to exclude any hours that are 'excessive, redundant, or otherwise unnecessary." Galdames v. N & D Inv. Corp., 432 F. App'x 801, 806 (11th Cir. 2011) (citations and inner quotations omitted). Attorneys may bill adversaries for only the same hours they would bill a client. Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). In addition, they may not bill for "purely clerical or secretarial tasks," regardless of who performs them. Missouri v. Jenkins, 492 U.S. 274, 299 n.10 (1989). The court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as it adequately explains its reasons for doing so. Galdames, 432 F. App'x at 806 (citations omitted).

Although Plaintiff alleges that she is seeking paralegal time at the rate of $80 per hour, she has not submitted any time records identifying work performed by paralegals and multiplying the hours reported by her attorney's hourly rate reveals that all of the time is being claimed as attorney time.

Plaintiff seeks $5,155.79 based upon for 29.88 hours of time expended at the administrative level. (Doc. 24-1, pp. 11-13). The evidence submitted by Plaintiff is wholly inadequate to support this claim. First, the time entries range from merely vague (e.g., at least 18 entries for "Staff Correspondence"), to utterly cryptic (e.g., "ERE Error Message – Brad is not Rep"). Such entries will not support an award of attorney's fees. Cf. Sierra Club v. Mullen, 619 F. Supp. 1244, 1251 (D.D.C. 1985) (vague time logs providing no information regarding substance of claimed work "are insufficient to enable the Court to access accurately the work that should be compensated and that which is duplicative or excessive"). Second, some entries are unreasonable on their face, for example, 0.33 hours for "Scanned 1696, Fee Agreement for Hearing Atty." Scanning documents is a non-compensable, clerical task. Third, none of the entries in counsel's time log specify who performed the work. According to Mr. Dietz' affidavit, the work was done by him, his staff and co-counsel Myler Disability. (Doc. 24-1 p. 2). Thus, it cannot be assumed that Mr. Dietz did all the work and Plaintiff has not provided any biographical information concerning Myler Disability or the individual(s) there who worked on the case.

After reviewing all of the time entries for work performed at the administrative level, I find that the only work that is sufficiently explained so as to be compensable are 8.42 hours for telephone conferences and correspondence between attorney and client; an entry on December 31, 2012 for "Request Medical Records and Forms" (0.33 hours); an entry on January 18, 2013 for "Request Medical Records" (0.5 hours); and an entry on February 26, 2013 for "Letter to Judge re: Medical Records" (0.33 hours). This results in a total of 9.58 hours at the administrative level.

Plaintiff also seeks $2,077.49 for 12.04 hours of work done before this Court. Counsel's work log for these hours is considerably better than the log for the work done at

the administrative level but, a reduction is still in order. Counsel seeks compensation for nine entries totaling 1.61 hours for "Call-Attorney," "Status Update," and "Attorney Notes, 1696, Fee Agreement." These entries are too vague for the Court to intelligently evaluate, and should therefore, not be credited. Counsel recorded 0.3 hours for reviewing the Commissioner's Unopposed Motion to Remand, 0.3 hours for reviewing the Report and Recommendations on that motion, and 0.3 hours for reviewing the District Judge's Order adopting the Report and Recommendations and remanding the case to the Commissioner. These papers are three, two, and one pages long respectively, and the Court fails to comprehend why it took counsel 54 minutes to review them. (Docs. 14-16). Half an hour is more than enough time to read and react to all three and that is what I recommend be awarded. Finally, I recommend denying the 0.7 hours claimed for "Review forms completed by client (retainer, EAJA, cover letter, IFP)" on April 18, 2012, because work having to do with a retainer should not be compensated, and the Court can only speculate about what the other entries mean. Accordingly, I recommend counsel's time for work performed in this Court be reduced to 9.33 hours.

Combining the hours sufficiently documented at the administrative and judicial levels results in a total of 18.91. Multiplying these hours by $172.55 results in a total award of $3,262.92.

B. The Fee Should be Paid Directly to Plaintiff

In Astrue v. Ratliff, 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the Supreme Court held that an award of EAJA fees belongs to plaintiff, not her attorney, and is therefore, subject to offset to satisfy any pre-existing debt owed by plaintiff to the government. Id., 130 S. Ct. at 2524. The Ratliff Court implicitly approved the Commissioner's practice of issuing payments directly to a plaintiff's attorney only in cases

where the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to such fees to the attorney. Id. at 2529. Because EAJA awards are against the United States, any assignment must satisfy the Anti-Assignment Act, which requires, among other things, that assignments be made in writing and attested by two witnesses. See 31 U.S.C. § 3727(a)(1), (b). Plaintiff requests that if she does not owe a federal debt, that payment be made directly to Mr. Dietz. But, Plaintiff assigned the fee award to Karen Southwick, Esq. (Doc. 24-2). Accordingly, I recommend the Court award Plaintiff's fees directly to Plaintiff.

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Court **GRANT** the motion to the extent that it should award Plaintiff $3,262.92 in attorney's fees and direct the Commissioner to make payment directly to Plaintiff if the Commissioner determines that Plaintiff does not owe a debt to the government. In all other respects, the motion should be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 18, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record